I respectfully dissent from the reversal of the judgment in favor of the plaintiff Wiggins. The record does contain substantial evidence supporting Wiggins's theory that the Birmingham Parking Authority breached the contractual obligations it owed Wiggins pursuant to the 1994 Employee Manual. While Wiggins concedes that the Authority did not necessarily owe him more leave, the breach claimed by Wiggins is not the failure or refusal of the Authority to grant him further leave. Rather, the breach Wiggins claims is that the Authority discharged him without cause.
Because the 1994 Manual creates secure employment as distinguished from employment at will, the Authority could not discharge him without legitimate cause contemplated by the Manual. The existence and legitimacy of cause in this case are jury issues.
The record contains substantial evidence that the Authority did discharge Wiggins *Page 451 
without cause. The May 7, 1998 letter by the Authority to Wiggins declaring his "position vacant" reads:
"May 7, 1998
"Mr. Samuel E. Wiggins
825 2nd Street, S.W.
Birmingham, AL 35211
"Dear Sam:
 "The Board considered your request for an extended leave of absence at our meeting held on Thursday, May 7, 1998. Although we are sympathetic of your loss which has caused you to be unable to perform your duties as Assistant Director, we feel that it would not be in the best interest of the Birmingham Parking Authority to continue another three to six months without someone in that position. We are, therefore, denying your request for an extension of leave.
 "Although you have indicated your willingness to return to the position should your request for an extension be denied, we do not believe that it would be in your best interest nor the Birmingham Parking Authority to have you return to work against the advice of your personal physician. For these reasons, the Board has declared your position vacant.
"Sincerely,
"[s/s]
"Anita B. Foster
"Chairman of the Board
"cc: Board Members"
This letter does not purport to invoke any of the grounds for discharge stated in the 1994 Employee Manual. Specifically, this letter does not contend that Wiggins was absent without leave. Indeed, the Authority never argued that Wiggins was absent without leave until the Authority filed its reply brief, its second brief, before us. Rather, the Authority, in its termination letter, attempted to invoke a ground of discharge contained, not in the 1994 manual, but in the 1997 manual, which the main opinion correctly holds not to govern this particular contract dispute.
Wiggins testified that, before his leave expired, he told the Executive Director Voight, that he, Wiggins, would return to work without further leave if he needed to do so in order to save his job, and that Voight told Wiggins that Voight did not think Wiggins needed to do so. Wiggins never altered his position that he was willing to return to work without further leave in order to save his job.
The 1994 Employee Manual does not include inability to return to work as a ground for discharge. If it did, Wiggins's ability to return to work would have been an issue of disputed facts of record, to be determined by the jury.
Wiggins introduced evidence that the Authority was hostile toward him because of his having reported in-house thefts. He further introduced evidence that the Authority waited for five months after it terminated him to replace him — a delay almost as long as the longest time expected by Wiggins's doctor before Wiggins could resume his normal duties. The record further contains evidence that, while the board of the Authority tape-recorded its meetings, including the meeting at which the board decided to terminate Wiggins, the board did not tape-record its discussion about terminating Wiggins.
Thus, the record presents a jury question whether the reason stated by the Authority for terminating Wiggins was a mere pretext as distinguished from legitimate cause. Therefore, rather than reverse for the absence of liability, we should proceed to examine the issues of damages.
Lyons, J., concurs. *Page 452